UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-CV-00212-FDW

| | |
|---|---|
| DONNA FAYE MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Donna Faye McKinney's Motion for Summary Judgment (Doc. No. 13) filed on January 10, 2018, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 15) filed on March 9, 2018. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's Motion For Summary Judgment; DENIES Defendant's Motion For Summary Judgment; and REVERSES the Commissioner's decision and REMANDS this matter pursuant to Sentence Four 42 U.S.C. § 405(g)[1] for proceedings consistent with this Order.

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I. BACKGROUND

Plaintiff filed an application for disability benefits under Title II on December 2, 2013, alleging disability beginning July 30, 2011. (Tr. 29). After her application was denied initially and upon reconsideration (Tr. 106, 112, 114), Plaintiff requested a hearing (Tr. 122). A hearing was held on August 3, 2016. (Tr. 29, 49, 54). On August 24, 2016, the ALJ issued an unfavorable decision. (Tr. 26). Plaintiff's request for review by the Appeals Council was denied on June 9, 2017. (Tr. 1).

The ALJ established that Plaintiff met the insured status requirement through December 31, 2016 and had not engaged in substantial gainful activity since the alleged onset date of July 30, 2011. (Tr. 31). Then, the ALJ found Plaintiff had severe impairments of degenerative disc disease, osteoarthritis, obesity, depression, and anxiety. (Tr. 31). The ALJ determined that none of these impairments nor any combination of the impairments met or medically equaled a per se disabled medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 36). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC"):

> to perform medium work as defined in 20 CFR [§] 404.1567(c) with frequent postural, except occasional balancing and no climbing ladders/ropes/scaffolds; avoiding concentrated exposure to hazards; and performing simple, routine, repetitive work with frequent contact with co-workers, supervisors, and [the] public.

(Tr. 38). The vocational expert ("VE") testified that an individual with Plaintiff's RFC could perform her past relevant work as a janitor, DOT No. 389.667-010. (Tr. 42). Additionally, in response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the VE testified that an individual with these limitations could perform jobs in the national economy and listed jobs, in which work exists in significant numbers in the national economy.

(Tr. 42-43). Thus, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act. (Tr. 43).

Plaintiff has exhausted all administrative remedies and now appeals. (Doc. No. 1). In Plaintiff's motion for summary judgment, Plaintiff claims that the ALJ's decision should be reversed because the ALJ's decision failed to properly assess Plaintiff's vocational limitations as required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (Doc. No. 14 at 11-12).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here

conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996

4

> WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

On appeal, Plaintiff request the Court remand the case to the Commissioner for further consideration given the ALJ's failure to comply with Mascio. (Doc. No. 14). The Court agrees that on this record, remand is necessary. The "ALJ['s] fail[ure] to assess a claimant's capacity to

5

perform relevant functions, despite contradictory evidence in the record . . . frustrate[s] meaningful review," by the court. Mascio, 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d. Cir. 2013)).

In step 3 of an ALJ's analysis, the functional limitations of mental impairments are assessed within four broad categories: activities in daily living; social functioning; concentration, persistence, or pace, and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C). Social functioning refers to the ability "to interact independently, appropriately, effectively, and on a sustained basis with other individuals." 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(2). The ability to concentrate, persist, or maintain pace "refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completely of tasks commonly found in work settings." 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(3). A limitation is assessed on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). If a claimant's limitations in these four broad categories do not meet or equal those listed in the paragraph B or C listings, the ALJ will determine the claimant's RFC. 20 C.F.R. § 404.1520(a).

When determining a claimant's RFC, an ALJ reviews all the relevant evidence of record, including medical determinable impairments that are not deemed severe, 20 C.F.R. § 404.1545 (a)(1)-(2), and analyzes the impact of the claimant's impairments on the claimant's work activity on a regular and continuing basis, 20 C.F.R. § 404.1545 (a)(4), (b)-(e); see also SSR 96-8p; Lewis, 858 F.3d at 862 (citing Mascio, 780 F.3d at 636). "[T]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Monroe, 826 F.3d at 189 (citations and internal quotation marks omitted); SSR 96-8p. Although the lack

of an explicit function-by-function analysis may necessitate remand if "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review[,]" remand is not appropriate if the unanalyzed function is irrelevant or uncontested. See Mascio, 780 F.3d at 636.

In addition to addressing the ALJ's responsibility to conduct a function-by-function analysis, the Fourth Circuit in Mascio held that "an ALJ does not account 'for a claimant's limitation in concentration, persistence, and pace by restricting [the RFC or] the hypothetical question to simple, routine tasks, or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). The court reasoned "the ability to perform simple tasks differs from the ability to stay on task." Id. Nevertheless, the ALJ may conclude that the limitation in concentration, persistence, or pace did not affect the claimant's ability to work and exclude a limitation from the RFC and the hypothetical tendered to the VE if explained. See id.

The Court cannot discern from the ALJ's decision how he reached his conclusion in the RFC as to Plaintiff's moderate difficulties in social functioning and concentration, persistence, and pace.[2] The Commissioner has not argued that the ALJ explained or supported his conclusions in the RFC but instead cites to excerpts of opinions from medical sources that the ALJ summarized in the decision. (Doc. No. 16 at 5-6). Not only do these citations omit relevant parts of the medical

---

[2] The Commissioner attempts to distinguish this case from Mascio by arguing that Plaintiff's actual level of "limitation was likely somewhere between mild and moderate." (Doc. No. 16 at 5). However, the ALJ stated in the decision "claimant has moderate difficulties" for both social functioning and concentration, persistence or pace. (Tr. 37). Although the ALJ stated later in the decision that "the evidence of record supports no more than moderate difficulties" (Tr. 37), this statement does not contradict the ALJ's determination of moderate difficulties. The Commissioner has also cited no authority for deviations from the five-point scale established in 20 C.F.R. § 404.1520a(c)(4) and the creation of a ranking "somewhere between mild and moderate."

7

sources' opinions, which contradict the ALJ's RFC determination,[3] but the mere recitation of the record by the ALJ is not a substitute for a function-by-function analysis of a relevant function, see generally Gilman v. Berryhill, No. 1:15-cv-00231-RJC, 2018 WL 310141, at *5 (W.D.N.C. Jan. 5, 2018). In his decision, the ALJ states:

> In terms of her alleged loss of memory, depression, and panic attacks, the undersigned finds the claimant has depression and anxiety. Dr. Fiore opined the claimant is capable of understanding and following simple instructions. He stated she would experience significant problems in maintaining appropriate attention when performing repetitive tasks for more than a few minutes. He stated she is experiencing significant problems relating to other individuals and would have difficulties on a day-to-day basis in the workplace due to her depression, anxiety, pain, and short-term memory problems. Dr. Munoz noted that during his exam, the claimant was alert and interactive. He noted some difficulty with word finding during the conversation, but stated the claimant was coherent in thought processes. He noted that Mini-Mental Status Exam seemed to demonstrate some mild cognitive delay, but not to the point of severe dementia. He noted she displayed a somewhat flat and sad affect, which he suspected is in relation to her social circumstances. He noted she was not on any medications for treatment, but could benefit from such, if further evaluation warrants. The undersigned finds the claimant's mental impairments result in limitations to simple, routine, repetitive work with frequent contact with co-workers, supervisors, and the public.

(Tr. 39).[4] This paragraph demonstrates that "the ALJ has determined what functions he believes [Plaintiff] can perform, but his opinion is sorely lacking in the analysis needed for [the Court] to review meaningfully those conclusions." Mascio, 780 F.3d at 636-37. Without further explanation, the Court is "left to guess about how the ALJ arrived at his conclusions[.]" Id. at 637.

---

[3] The Commissioner claims that Dr. Richard H. Cyr-McMillon's opinion supports that Plaintiff could perform simple, routine, and repetitive tasks. (Doc. No. 16 at 5-6). However, the Commissioner omits that as summarized by the ALJ Dr. Cyr-McMillon opined Plaintiff "appears capable of sustaining sufficient attention to complete simple, routine, repetitive tasks for a two-hour period at a *non-production pace*, and complete a normal workweek" and "can accept simple instructions from a supervisor and maintain adequate relationships with co-workers in a work setting with *minimal* social interaction and only *casual* public contact." (Tr. 34, 84 (emphasis added)).

[4] A limitation to "simple, routine, repetitive work," (Tr. 40) generally only addresses the ability to perform simple tasks, not the ability to stay on task. See Mascio, 780 F.3d at 638. Thus, without sufficient explanation or evidentiary support, this limitation fails to address moderate difficulties in concentration, persistence, or pace. Id; see Sizemore v. Berryhill, 878 F.3d 72, 81 (4th Cir. 2017) (finding RFC limiting claimant to "simple one, two-step tasks in a low stress work environment with no public contact" sufficient to account for moderate difficulties in concentration, persistence, or pace when supported by medical sources' opinions).

Therefore, the Court agrees with Plaintiff that the decision must be remanded to address the omission of a limitation or explanation addressing Plaintiff's difficulties with concentration, persistence, or pace and social functioning. Upon remand, the ALJ should conduct a function-by-function analysis of all relevant functions, adequately explain the evidence that supports the RFC determination, and explain why opinions from medical sources that conflict with the RFC were not adopted. As the Court has determined that remand is required, the Court declines to consider any alleged errors not addressed herein.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 13) is GRANTED in part and DENIED in part; the Commissioner's Motion (Doc. No. 15) is DENIED; and the ALJ's determination is REVERSED[5] and REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: April 26, 2018

Frank D. Whitney
Chief United States District Judge

---

[5] In reversing the Commissioner's decision, the Court expresses no opinion on the merits of Plaintiff's claim for disability. The Court expressly provides that an order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).